

RECEIVED
IND. SECRETARY OF STATE

FEB 09 2012

February 6, 2012

*VIA CERTIFIED MAIL*

The Honorable Charlie White
Indiana Secretary of State
200 W. Washington St., Room 201
Indianapolis, IN 46204

Mr. J. Bradley King
Mr. Trent Deckard
Co-Directors, Indiana Election Division
302 W. Washington St., Room E204
Indianapolis, IN 46204

Re:    **Apparent Violations of Section 8 of the National Voter Registration Act,
42 U.S.C. § 1973gg-6**

Dear Secretary White and Messrs. King and Deckard:

We believe that Indiana is in violation of Section 8 of the National Voter Registration Act ("NVRA"), which requires States to maintain accurate lists of eligible voters for use in conducting federal elections.[1]  As you may know, Congress enacted Section 8 of the NVRA to protect the integrity of the electoral process.  This letter serves as advance notice that a lawsuit may be brought against you if you do not take action to correct this apparent violation of Section 8 within 90 days.  We hope that litigation will not be necessary.

Allowing the names of ineligible voters to remain on the voting rolls harms the integrity of the electoral process and undermines voter confidence in the legitimacy of elections.  As the U.S. Supreme Court has stated, "[P]ublic confidence in the integrity of the electoral process has independent significance, because it encourages citizen participation in the democratic process."[2]

As the top election officials in Indiana, it is your responsibility under federal law to conduct a program that reasonably ensures that the lists of eligible voters are accurate.  The following information explains the NVRA violations we allege and the remedial steps you need to take to comply with the law.

---

[1]  NVRA Section 8 responsibility lies with the State of Indiana and your offices.  *See US. v. State of Indiana*, Consent Decree and Order, ¶ 4, Civil Action No. 1:06-cv-1000-RLY-TAB (S.D. Ind., July 5, 2006); *See also* Ind. Code §§ 3-7-11-1, 3-7-11-2.

[2]  *Crawford et al. v. Marion County Election Board*, 553 US 181, 197 (2008).

425 Third St., SW, Suite 800, Washington, DC 20024   Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199   Email: info@JudicialWatch.org   www.JudicialWatch.org

**EXHIBIT**

**1**

The Honorable Charlie White
Messrs. J. Bradley King and Mr. Trent Deckard
February 6, 2012
Page 2

1.    **The NVRA Requires You to Undertake Reasonable Efforts to Maintain Accurate Lists of Eligible Registered Voters**

Under Section 8 of the NVRA, Indiana is required to undertake a uniform, nondiscriminatory voter registration list maintenance program that complies with the Voting Rights Act of 1965. 42 U.S.C. § 1973gg-6(b)(1). Specifically, Section 8 requires Indiana to make a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters due to (A) "the death of the registrant" or (B) "a change in the residence of the registrant" to a place outside the jurisdiction in which he or she is registered. 42 U.S.C. § 1973gg-6(a)(4).

This obligation is augmented by the Help America Vote Act ("HAVA"), which among other duties, requires Indiana to "ensure that voter registration records in the State are accurate and updated regularly" and undertake a "system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters." 42 U.S.C. §§ 15483(a)(4) and 15483(a)(4)(A). HAVA also requires that Indiana coordinate its computerized statewide voter registration list with State agency death records. 42 U.S.C. § 15483(a)(2)(A)(ii)(II).

Programs to remove the names of ineligible voters from the official lists of eligible voters must be completed 90 days prior to a primary or general election. 42 U.S.C. § 1973gg-6(c)(2)(A). This year's general election is on November 6, so your list systematic maintenance programs must be both implemented and completed by **August 8, 2012**.

2.    **Indiana Does Not Appear to be Maintaining Accurate Eligible Voter Lists**

Based on our review of 2010 census data and publicly available eligible voter lists, it appears that Indiana is failing to comply with the voter registration list maintenance requirements of Section 8 of the NVRA. For example, it appears that there are more people registered to vote in the Counties of Scott, Spencer, Crawford, Warrick, Tipton, Franklin, Warren, Union, Orange, Brown, Hancock, and Newton than there are adults over the age of 18 living in each county. Even if every single eligible voter in these counties were registered to vote, the eligible voter lists would still appear to contain the names of voters who have either moved out of the county or are dead. This is particularly troubling in light of the 2006 consent decree between your state and the U.S. Department of Justice. As you know, that order requires the State of Indiana to take enforcement action against counties that fail to maintain accurate eligible voter lists.

The above information strongly suggests Indiana has not been maintaining its eligible voter lists and is therefore in violation of the NVRA. Equally importantly, your apparent failure to maintain accurate, up-to-date voter registration lists creates a risk that elections in November 2012 and beyond may lack the integrity required by the NVRA and undermine public confidence in the electoral process. We are hopeful that you will outline and begin implementation of a reasonable compliance program quickly.

The Honorable Charlie White
Messrs. J. Bradley King and Mr. Trent Deckard
February 6, 2012
Page 3


**3.      Failure to Comply with NVRA Subjects You to Lawsuits and Financial Costs**

As you may know, a lawsuit may be brought against you under the NVRA if you fail to correct these violations within 90 days of your receipt of this letter. You are receiving this letter because you are the designated chief state election officials under the NVRA.

While you may be aware that U.S. Attorney General Eric Holder has prioritized enforcement of Section 7 of the NVRA, which seeks to expand opportunities to register to vote, the Attorney General has not demonstrated any similar interest in prioritizing enforcement of the list maintenance provisions of Section 8 of the NVRA. Nonetheless, Section 8 is an important counterpart to Section 7. The two provisions represent a carefully crafted compromise by the U.S. Congress to increase both voter registration **and** the integrity of voter rolls. In passing NVRA, Congress authorized a private right of action to enforce the provisions of the NVRA, including Section 8. 42 U.S.C. § 1973gg-9(b). Congress also authorized awards of attorney's fees, including litigation expenses and costs, to the prevailing party. 42 U.S.C. § 1973gg-9(c). Consequently, if we initiate a lawsuit under the NVRA and the court finds you in violation, you will be responsible for paying our attorney's fees, costs, and litigation expenses.

**4.      Avoidance of Litigation**

In order to avoid litigation, we hope you will promptly initiate efforts to comply with the NVRA so that no lawsuit will be necessary. We ask you to please respond to this letter in writing no later than 45 days from today, or by March 22, 2012, informing us of the compliance steps you are taking. Specifically, we ask you to: (1) conduct a systematic, uniform, nondiscriminatory program (or take action under such an existing program) to remove from the list of eligible voters the names of persons who have become ineligible to vote by reason of death or change in residence; and (2) complete this program no less than 90 days prior to the November election. In addition, we also ask you to begin all other steps outlined above for routine list maintenance between now and the November election. If you have already taken steps to maintain the accuracy of your eligible voter list that correct the problems described above in part 2 of this letter, please identify those steps in detail and advise us of the results of those efforts.

Finally, pursuant to the requirements of the NVRA, please make available to us all pertinent records concerning "the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency" of Indiana's official eligible voter lists during the past 2 years. 42 U.S.C. § 1973gg-6(i).

We hope our concerns can be resolved amicably. However, with the November 2012 election on the horizon and in light of the importance of Section 8 of the NVRA to ensuring the integrity and legitimacy of the electoral process, we must emphasize the importance of

The Honorable Charlie White
Messrs. J. Bradley King and Mr. Trent Deckard
February 6, 2012
Page 4


timeliness.  Accordingly, if we believe you do not intend to correct the above-identified problems, a lawsuit seeking declaratory and injunctive relief may be necessary.

We look forward to your timely response.

Sincerely,

**JUDICIAL WATCH, INC.**

Thomas J. Fitton
President

cc:    J. Christian Adams, Esq.
       Election Law Center