IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., and TRUE THE VOTE, | ) ) ) |
| *Plaintiffs*, | ) ) Case No. 1:12-cv-800-WTL-TAB |
| v. | ) ) |
| J. BRADLEY KING, *et al.* | ) ) |
| *Defendants*. | ) ) ) |

**JOINT CASE MANAGEMENT PLAN**

Pursuant to this Court's October 17, 2012 Order, the Parties to the above-captioned complaint hereby jointly file this Case Management Plan.

**I. Parties and Representatives**

A. Parties.

Plaintiffs: Judicial Watch Inc.; True the Vote.

Defendants: J. Bradley King, Co-Director of the Indiana Election Division, in his official capacity; Trent Deckard, Co-Director of the Indiana Election Division, in his official capacity; Connie Lawson, Indiana Secretary of State, in her official capacity.

B.  Counsel.

For Plaintiffs:

Paul J. Orfanedes
Chris Fedeli
Judicial Watch, Inc.
425 Third Street S.W., Ste. 800
Washington, DC 20024
Tel: (202) 646-5172
Fax: (202) 646-5199
porfanedes@judicialwatch.org
cfedeli@judicialwatch.org

David R. Langdon

1

Joshua B. Bolinger
Langdon Law, LLC
11175 Reading Road, Ste. 104
Cincinnati, OH 45241
Tel: (513) 577-7380
Fax: (513) 577-7383
dlangdon@langdonlaw.com
jbolinger@langdonlaw.com

For Defendants:

Gregory F. Zoeller
Attorney General of Indiana
Jefferson S. Garn
Don Hostetler
Deputy Attorney General
I.G.C.S. – 5th Floor
302 W. Washington Street
Indianapolis, IN 46204
Tel: (317) 232-6292
Fax: (317) 232-7979
Email: jefferson.garn@atg.in.gov
Email: donald.hostetler@atg.in.gov,

**II. Synopsis of Case**

A. Plaintiffs' Claims.  Twelve Indiana counties have voter rolls with more registrations than total voting age population based on recent data.  This shows that Indiana has failed to conduct a program to ensure voter registrations rolls are maintained in an accurate condition, as Indiana is required to do under the National Voter Registration Act ("NVRA").  This Court has jurisdiction because the claims arise under federal law and Plaintiffs seek injunctive and declaratory relief provided for in the NVRA.

B. Defendants' Claims.  The State of Indiana has complied with the requirements specified in Section 8 of the NVRA.  Reasonable efforts have been made to maintain the voter rolls, balancing the competing interests within the NVRA and other relevant federal and state law.  Defendants further assert that this case should be dismissed because Plaintiffs did not state any specific violation under the NVRA in their complaint, failed to provide Defendants proper notice as required by the NVRA, and failed to state a claim upon which relief can be granted.

**III.  Pretrial Pleadings and Disclosures**

A.  The parties stipulate that they will serve their Fed. R. Civ. P. 26 initial disclosures on or before November 19, 2012.  Although this is later than 4 months from the date the Complaint was filed, the parties agree that they require such time to ensure the completeness of information.

For the same reason, the parties further agree that they will use the initial disclosure date or month as an anchor date for certain other deadlines in this section.

B.  Plaintiff(s) shall file preliminary witness and exhibit lists on or before November 19, 2012

C.  Defendant(s) shall file preliminary witness and exhibit lists on or before December 19, 2012.

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before November 19, 2012.

E.  Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand on or before November 19, 2012.  Although Defendants do not believe that Plaintiffs are entitled to any damages under the NVRA, Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.  Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 11, 2013.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 60 days after Plaintiff(s) serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before no later than August 12, 2013.

G.  If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 60 days prior to the dispositive motion deadline.  If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before September 12, 2013.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. Disclosure or discovery of electronically stored information should be handled as follows:

Electronic discovery shall be produced to the requesting party in a commercially reasonable manner if discoverable under Fed. R. Civ. P. 26(b). Producing parties will provide the requesting party with all electronically stored information (ESI) as text searchable image files (e.g., PDF or TIFF), unless unduly burdensome or cost-prohibitive. The parties agree to produce all metadata included with ESI if such metadata is discoverable under Fed. R. Civ. P. 26(b). All ESI will be produced on CD or DVD, by e-mail, or by other electronic means, as appropriate. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner assuming the party upon whom the request has been made does not have an objection to the discovery and/or a protective order is not in place.

Unless unduly burdensome or cost prohibitive, the producing party shall bear the cost of all reasonable and customary production and the following presumptions apply: (1) To the extent that the parties request files or copies of documents, photographs, videotapes, or digital images, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of making the data, server, device, etc., available and cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner with appropriate confidentiality protections taken. The parties agree that all of this is subject to either party's right to seek a protective order regarding discovery requests.

The parties will make every effort to preserve all electronic data relevant to either party's claims or defenses. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention. The parties agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege. When a party learns that privileged information, either received or produced has been inadvertently disclosed, the party shall notify the other party in writing and the document(s) shall be returned so that the document may be withheld or redacted, as appropriate, and shall be identified in a privilege log and the receiving party's counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda, or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

### IV.   Discovery[1] and Dispositive Motions

A. <u>Summary Judgment</u>.  The parties agree that this case may be appropriate for summary judgment.  Both parties expect to file such motions.  Plaintiffs will seek summary judgment on the grounds that the existence of 12 Indiana counties with voter rolls that contain more names than eligible living voters constitutes a *per se* violation of the State of Indiana's obligation to conduct a program for voter list maintenance under the NVRA, and along with evidence collected during discovery, that Indiana is in violation of Section 8 of the NVRA because its efforts to conduct a list maintenance program have not been reasonable.  -  Defendants expect to file a dispositive motion in this cause based upon the Plaintiffs' anticipated inability to show a violation of section 8 of the NVRA.  Defendants may learn of additional bases for such a motion as discovery progresses in this case.  The parties agree that absent leave of court and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised in a single motion.

B. <u>Track</u>.  The parties wish to select Track 4 for this case.  The parties agree litigating Plaintiffs' claims may involve  discovery concerning the voter list maintenance efforts conducted by the State of Indiana and Indiana counties, as well as expert discovery.  Accordingly, the parties wish to adopt the following deadlines: Dispositive motions shall be filed by October 11, 2013; all expert and non-expert discovery necessary for the dispositive motions shall be completed by September 11, 2013; all other expert and non-expert discovery shall be completed by December 11, 2013.

### V.   Pre-Trial / Settlement Conferences

The parties do not request a settlement conference with the Magistrate Judge at this time.

### VI.   Trial Date

The parties request a trial date in February of 2014.  The parties request a bench trial and anticipate the trial will take approximately 8 days.   This proposed track is longer than the standard 18 months for trial, but the parties believe the additional time is necessary for a full and thorough development of issues raised by this case.

---

[1]  The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

**VII.   Referral to Magistrate Judge**

At this time, all parties do not consent to the referral of proceedings in this matter to a Magistrate Judge pursuant to any provision of 28 U.S.C. §§ 636 (b) or (c) or Federal Rule of Civil Procedure 73.

**VIII.   Required Pre-Trial Preparation**

A.   **Two Weeks** Before the Final Pretrial Conference, the parties shall:

   1.   File a list of witnesses who are expected to be called to testify at trial.

   2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Make all stipulations as to the authenticity and admissibility of exhibits.

   3.   Submit all other stipulations of facts in writing to the Court.

   4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

      a.   brief written summaries of the relevant facts in the depositions that will be offered; or

      b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

   5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with proposed findings of fact and conclusions of law.

   6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.   **One Week** Before the Final Pretrial Conference, the parties shall:

   1.   Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine and proposed findings of fact and conclusions of law.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

Dated: November 1, 2012 Respectfully submitted,

| | |
|---|---|
| Gregory F. Zoeller<br>Attorney General of Indiana<br><br>*/s/ Jefferson S. Garn*<br>Jefferson S. Garn<br>Deputy Attorney General<br><br>*/s/ Don Hostetler*<br>Don Hostetler<br>Deputy Attorney General<br><br><br>I.G.C.S. – 5th Floor<br>302 W. Washington Street<br>Indianapolis, IN 46204<br>Tel: (317) 232-6292<br>Fax: (317) 232-7979<br>Email: jefferson.garn@atg.in.gov<br><br>*Attorneys for Defendants* | */s/ Chris Fedeli*<br>Paul J. Orfanedes<br>Chris Fedeli<br>Admitted *Pro Hac Vice*<br><br>JUDICIAL WATCH, INC.<br>425 Third Street S.W., Ste. 800<br>Washington, DC 20024<br>Tel: (202) 646-5172<br>Fax: (202) 646-5199<br>Email: porfanedes@judicialwatch.org<br>          cfedeli@judicialwatch.org<br><br>David R. Langdon<br>Joshua B. Bolinger<br><br>LANGDON LAW LLC<br>11175 Reading Road, Ste. 104<br>Cincinnati, OH 45241<br>Tel: (513) 577-7380<br>Fax: (513) 577-7383<br>Email: dlangdon@langdonlaw.com<br>          jbolinger@langdonlaw.com<br><br>*Attorneys for Plaintiffs*<br><br>*Of Counsel:*<br><br>J. Christian Adams<br><br>ELECTION LAW CENTER, PLLC<br>300 N. Washington Street, Ste. 405<br>Alexandria, VA 22314 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____ PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.

_____ APPROVED AS SUBMITTED.

_____ APPROVED AS AMENDED.

_____ APPROVED AS AMENDED PER SEPARATE ORDER.

_____ APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____ APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____ THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

_____ A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; OR

_____ DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____  _____
Date                                                                         U. S. District Court
                                                                                     Southern District of Indiana

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Chris Fedeli* _
Chris Fedeli