UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) 1:12-cv-800-WTL-TAB |
| J. BRADLEY KING, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER AND STATEMENT OF
DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants, J. Bradley King and Trent Deckard, Co-Directors of the Indiana Election Division, in their official capacity; and Connie Lawson, Indiana Secretary of State, in her official capacity; by counsel, for their Answer to Plaintiffs' Complaint, state as follows:

1. Defendants admit that Plaintiffs have filed a Complaint. Defendants deny all remaining allegations in Paragraph 1 of the Complaint including, but not limited, to any allegations that Defendants have violated any provision of the National Voter Registration Act of 1993 ("NVRA").

**JURISDICTION AND VENUE**

2. Defendants deny all allegations inconsistent with 28 U.S.C. § 1331 and 42 U.S.C. § 1973gg-9(b)(2). Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants are without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore deny all allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.     Defendants are without knowledge or sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiffs' Complaint.  Defendants therefore deny all allegations contained in Paragraph 4 of the Complaint.

5.     Defendants deny that Plaintiff True the Vote seeks to restore truth, faith and integrity to local, state and federal elections.  Defendants are without knowledge or sufficient information to admit or deny the remaining allegations in Paragraph 5 of Plaintiffs' Complaint.  Defendants therefore deny all allegations contained in Paragraph 5 of the Complaint.

6.     Defendants admit J. Bradley King and Trent Deckard are the Co-Directors of the Indiana Election Division.  Defendants deny all allegations in Paragraph 6 of the Complaint that are inconsistent with Indiana Code § 3-7-11-1 and § 3-7-11-2.  Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendants admit Connie Lawson is the Secretary of State of Indiana.  Defendants deny all allegations contained in Paragraph 7 that are inconsistent with Indiana Code § 3-6-3.7.  Defendants deny all remaining allegations contained in Paragraph 7 of the Complaint

## FACTUAL BACKGROUND

8.     Defendants deny all allegations in paragraph 8 of the Complaint that are inconsistent with the NVRA, 42 U.S.C. § 1973gg.

9.     Defendants deny all allegations in Paragraph 9 of the Complaint that are inconsistent with the NVRA and/or the Help America Vote Act ("HAVA"), 42 U.S.C. § 15483(a)(1-2, 4).

10.    Defendants deny all allegations contained in Paragraph 10 of the Complaint that are inconsistent with the NVRA, 42 U.S.C. § 1973gg-6(i).

11. Defendants admit that the United States brought a certain action against the State of Indiana under Case No. 1:06-cv-01000-RLY-TAB (S.D. Ind.) ("Prior Lawsuit"). Defendants deny that the State of Indiana has a history of failing to comply with its obligations under federal voter registration laws. Defendants deny all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants state that the 2006 Consent Decree and Order related to the Prior Lawsuit speak for themselves, and deny any allegations inconsistent with the Consent Decree and Order.

13. Defendants admit that the State of Indiana complied and complies with the NVRA. Defendants state that the Court filings in relation to the Prior Lawsuit speak for themselves and deny all allegations in Paragraph 13 of the Complaint that are inconsistent with those filings.

14. Defendants deny all allegations that the State has failed to comply with the NVRA. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and therefore deny all remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny all allegations contained in Paragraph 15 of the Complaint.

16. Defendants state that the allegations contained in Paragraph 16 of the Complaint are not relevant to this action and appear to be inserted in the Complaint for an improper purpose in violation of the Federal Rules of Civil Procedure. Defendants further state that the allegations contained in Paragraph 16 of the Complaint are not directed at Defendants (or at any party in this

action).  To the extent the allegations contained in Paragraph 16 of the Complaint are directed at Defendants, all allegations contained in Paragraph 16 are denied as applying in any manner to the Defendants in this action.

17.     Defendants deny all allegations contained in Paragraph 17 that the State of Indiana is not conducting voter list maintenance or that the State of Indiana is contributing to an unspecified "larger nationwide problem."  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint and therefore deny all remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants admit a letter dated February 6, 2012 from Judicial Watch was received by Defendants.  Defendants deny all allegations contained in the letter and in Paragraph 19 of the Complaint that Defendants violated any provision of the NVRA.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint and therefore deny all remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit a letter dated February 6, 2012 from Judicial Watch was received by Defendants.  Defendants admit that the letter made certain ambiguous requests and made erroneous allegations.  Defendants deny all allegations contained in the letter and in Paragraph 20 of the Complaint that Defendants violated any provision of the NVRA. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and therefore deny all remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit a letter dated February 6, 2012 from Judicial Watch was received by Defendants. Defendants admit that the letter made certain ambiguous requests and made erroneous allegations. Defendants deny all allegations contained in the letter and in Paragraph 21 of the Complaint that Defendants violated any provision of the NVRA.

22. Defendants admit that Defendants King and Deckard, acting in their capacity as Directors of the Division on March 15, 2012, issued a published Order, which is attached to this Answer as **Exhibit A.** Defendants deny all allegations in Paragraph 22 of the Complaint that are inconsistent with the Order attached hereto as **Exhibit A**, and available at http://www.in.gov/legislative/iac/20120321-IR-018120144NRA.xml.pdf.

## PLAINTIFF JUDICIAL WATCH

23. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny all allegations contained in Paragraph 23 of the Complaint.

24. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore deny all allegations contained in Paragraph 24 of the Complaint.

25. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny all allegations contained in Paragraph 25 of the Complaint.

26. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny all allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny all allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny all allegations contained in Paragraph 29 of the Complaint.

30. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny all allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

## **PLAINTIFF TRUE THE VOTE**

32. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny all allegations contained in Paragraph 32 of the Complaint.

33. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny all allegations contained in Paragraph 33 of the Complaint.

34. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore deny all allegations contained in Paragraph 34 of the Complaint.

35. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore deny all allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint.

38.   Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny all allegations contained in Paragraph 38 of the Complaint

39.   Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint.

## COUNT 1

### (Violation of the NVRA: Failure to Conduct List Maintenance)

40.   Defendants incorporate their answers to Paragraphs 1-39 of Plaintiffs' Complaint.

41.   Defendants deny the allegations in Paragraphs 41 of Plaintiffs' Complaint.

42.   Defendants deny the allegations in Paragraphs 42 of Plaintiffs' Complaint.

43.   Defendants deny the allegations in Paragraphs 43 of Plaintiffs' Complaint.

44.   Defendants deny Plaintiffs are entitled to any remedy.

## COUNT II

### (Violation of the NVRA: Failure to Produce Records)

45.   Defendants incorporate their answers to Paragraphs 1-44 of Plaintiffs' Complaint.

46.   Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint.

47.   Defendants deny the allegations in Paragraph 47 of Plaintiffs' Complaint.

48.   Defendants deny the allegations in Paragraph 48 of Plaintiffs' Complaint.

49.   Defendants deny Plaintiffs are entitled to any remedy.

## GENERAL DENIAL

Defendants deny any and all remaining allegations set forth in Plaintiff's Complaint not herein previously admitted or denied.

## **DEFENSES**

Some or all of the following defenses may bar or limit the claims made by Plaintiffs in this matter:

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs Complaint does not allege a violation of the NVRA by Defendants.

3. Plaintiffs have failed to name necessary parties.

4. Defendants have at all times fulfilled their obligations under the NVRA.

5. Defendants do not have the legal authority to provide the relief sought by Plaintiffs.

6. Plaintiffs have not sued the real party in interest.

7. Under Indiana law, the Secretary of State is not a proper Defendant in this action.

8. Plaintiffs failed to comply with 42 U.S.C. § 1973gg-9.

9. Plaintiffs do not have standing to maintain this action.

10. Defendants reserve the right to add additional defenses that may arise during the course of litigation.

Respectfully submitted,

GREGORY F. ZOELLER
Indiana Attorney General
Attorney No. 1958-98

By:   */s/ Jefferson S. Garn*
Jefferson S. Garn
Deputy Attorney General
Attorney No. 29921-49

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of December, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**Paul J. Orfanedes**
JUDICIAL WATCH, INC.
porfanedes@judicialwatch.org

**Chris Fedeli**
JUDICIAL WATCH, INC.
cfedeli@judicialwatch.org

**David R. Langdon**
LANGDON LAW LLC
dlangdon@langdonlaw.com

**Joshua B. Bolinger**
LANGDON LAW LLC
jbolinger@langdonlaw.com

 */s/Jefferson S. Garn*
Jefferson S. Garn
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204
Telephone:  (317)232-6292
Fax:  (317)232-7979
E-mail:  Jefferson.Garn@atg.in.gov