IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., ) | | |
| and TRUE THE VOTE, ) | | |
| ) | | |
| *Plaintiffs*, ) | Case No. 1:12-cv-800-WTL-TAB | |
| v. ) | | |
| ) | | |
| J. BRADLEY KING, *et al.* ) | | |
| ) | | |
| *Defendants*. ) | | |
| _____ ) | | |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO MOTION TO INTERVENE**

Plaintiffs Judicial Watch, Inc. and True the Vote ("Plaintiffs"), by counsel and pursuant to Local Rule 7-1(c)(2)(A), respectfully submit this opposition to the Motion to Intervene filed on December 18, 2012 by Dr. Orly Taitz.  As grounds therefor, Plaintiffs state as follows:

**Preliminary Matters**

As a preliminary matter, Proposed Intervener moves to intervene under Rule 24(b)(2) of the Federal Rules of Civil Procedure, which on its face applies to government officers or agencies only.  Because Proposed Intervener is not a government officer or agency, this particular provision does not apply to her.  Nonetheless, Plaintiff will respond to Proposed Intervener's motion as if it had been filed under the other provisions of Rule 24.

In addition, Rule 24(c) requires that any motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed.R.Civ.P. 24(c).  No such pleading accompanied Proposed Intervener's motion.  The motion should be denied for this reason alone.

**Proposed Interveners May Not Intervene as of Right**

Pursuant to Rule 24, intervention may be as of right or it may be permissive. Intervention as of right must be permitted where the proposed intervener "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the [proposed intervener's] ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(1) and (2); *see also United States v. City of Chicago*, 798 F.2d 969, 972 (7th Cir. 1986). In addition, the motion to intervene must be timely. Fed.R.Civ.P. 24(a); *see also Heartwood, Inc. v. United States Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003).

Proposed Intervener has failed to show that she satisfies any of the requirements for intervention as of right. Proposed Intervener has not cited any federal statute that grants her an unconditional right to intervene in this action. Nor are Plaintiffs aware of any such statute. Consequently, intervention is not warranted as a matter of right under Rule 24(a)(1).

Nor is Proposed Intervener entitled to intervene as a matter of right under Rule 24(a)(2). While the "interest" required by Rule 24(a)(2) has never been defined with particular precision (*see Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995)), the baseline requirement is that the interest must be a "direct, significant, legally protectable" one. *American Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989). It is something more than a mere "betting interest, but less than a property right." *Schipporeit*, 69 F.3d at 1380-81 (internal citations omitted).

Proposed Intervener has not demonstrated that she has any such interest at all, much less that she "is so situated that disposing of the action may as a practical matter impair or impede

[her] ability to protect [her] interests" or that the existing parties will not adequately represent whatever interests she might have.  Fed.R.Civ.P. 24(a)(2).  Proposed Intervener asserts only that she has filed two "HAVA" complaints alleging election fraud with the Indiana Secretary of State and that she has not received a response to either one.  ECF 39 at 1-2.  No explanation is provided about how these complaints (or the alleged lack of any response thereto) gives Proposed Intervener an interest in Plaintiffs' case such that she has a right to intervene.

In fact, Proposed Intervener's "HAVA" complaints are completely unrelated to Plaintiffs' allegations that the State of Indiana has failed to satisfy its voter list maintenance obligations under the National Voter Registration Act, but instead concern challenges to President Barack Obama's eligibility to be a presidential candidate.[1]  *See* Election Fraud and Accessibility Grievance Form, dated February 9, 2012, a redacted version[2] of which is attached hereto as Exhibit 1 (asserting that "President Barack Hussein Obama II cannot be a presidential candidate due to lack of constitutional natural born citizen status, due to the fact that he does not have valid identification papers, he is using a CT social security number . . . which was issued in 1977 to a resident of CT when Obama resided in HI, there is evidence of forgery and fraud in his other identification papers").

In addition, Proposed Intervener already brought a lawsuit against the State of Indiana's Elections Commission and various election officials, among other persons, concerning President Obama's eligibility to be a presidential candidate.  *See* Second Amended Complaint in *Dr. Orly Taitz, Esq., et al. v. Elections Commission, et al.*, Case No. 49D14-1203-MI-012046 (Super. Ct.,

---

[1]     Proposed Intervener's website, www.orlytaitzesq.com, touts itself as the "World's Leading Obama Eligibility Challenge Website."

[2]     Plaintiffs have redacted both Exhibits 1 and 2 to this Response to ensure compliance with Fed.R.Civ.P. 5.2, even though both full documents are available on Proposed Intervener's website.

Marion Co., Ind.), a redacted version of which is attached hereto as Exhibit 2.  Proposed Intervener's lawsuit appears to have been dismissed on or about October 30, 2012.  Rather than having a direct, significant, and legally protectable interest in voter list maintenance efforts in the State of Indiana, whatever interests Proposed Intervener might have in election issues in the State of Indiana are distinctly different and completely unrelated to the subject matter of Plaintiffs' lawsuit.  Proposed Intervener also has not demonstrated that the disposition of Plaintiffs' lawsuit will, as a practical matter, impair or impede Proposed Intervener's ability to protect her interests.

Finally, Proposed Intervener's motion is not timely.  In determining whether a motion to intervene is timely, courts may consider the following:  (1) the length of time the intervener knew or should have known of his or her interest in the case; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against.  *Heartwood, Inc.*, 316 F.3d at 701.

Plaintiffs initiated this action on June 11, 2012, over six months before Proposed Intervener filed her motion.  The lawsuit was announced and made available on the internet by both Plaintiff Judicial Watch, Inc. and Plaintiff True the Vote.  It also received widespread media coverage from numerous news organizations.  As a result, Proposed Intervener knew or should have known of the filing of Plaintiffs' lawsuit and whether she had any "direct, significant, and legally protectable" interest in the case at or near that time.  Proposed Intervener's motion provides no explanation for why Proposed Intervener waited over six months after the filing of this lawsuit to seek to intervene.

If Proposed Intervener were allowed to intervene, the resulting delay would unduly prejudice Plaintiffs.  At this point, the parties have already exchanged settlement demands and responses, initiated discovery requests, and negotiated and filed a Joint Case Management Plan

(ECF 32). The parties' Joint Case Management Plan was approved and adopted by the Court on or about November 13, 2012 (ECF 33). Plaintiffs have invested substantial time in these efforts to date, and the Joint Case Management Plan did not contemplate that additional parties would be joining in the lawsuit. If the motion is granted, it is likely that the deadlines agreed by the parties and established by the Court (including the trial date) will become impossible to achieve. Plaintiffs would be unduly prejudiced as a result, as it is unlikely that they would have a realistic opportunity of obtaining the relief they seek in this action prior to the November 2014 elections, exacerbating the injuries they have previously described to the Court. By contrast, Proposed Intervener has not demonstrated that she will suffer any prejudice at all if the Court finds her motion to be untimely. Nor has she demonstrated that any unusual circumstances warrant excusing the untimeliness of her motion. Consequently, intervention as of right should be rejected.

## Permissive Intervention Is Not Warranted

Permissive intervention may be allowed when, on a timely motion, the proposed intervener demonstrates that he or she "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(A) and (B). Proposed Intervener does not claim that she has been given a conditional right to intervene under a federal statute. To the extent that Proposed Intervener seeks permissive intervention at all, she must demonstrate that she satisfies the requirements of Rule 24(b)(1)(B). In exercising their discretion to grant or deny permissive intervention, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).

As demonstrated above, Proposed Intervener's motion is untimely. In addition, Proposed Intervener has not demonstrated that she seeks to assert a claim or defense that shares a common question of law or fact with the main action. Not only is Proposed Intervener's motion vague, at best, about whatever claim it is that Proposed Intervener seeks to assert, but Proposed Intervener's "HAVA" complaints and her prior lawsuit concerned a matter completely unrelated to the voter list maintenance issues raised by Plaintiffs in their Complaint. There simply is no common question of law or fact.

In addition, Plaintiffs are concerned that, if permissive intervention is allowed, Proposed Intervener might seek to use this lawsuit to relitigate the matters raised by Proposed Intervener in her "HAVA" complaints and her prior lawsuit. Permitting Proposed Intervener to join in Plaintiffs' lawsuit is thus likely to expand the issues to be litigated in this action and will compel the existing parties and the Court to expend additional time and resources on entirely extraneous matters. It also is likely to unduly delay and otherwise jeopardize the speedy resolution of Plaintiffs' claims, causing Plaintiffs to suffer prejudice and exacerbating the injuries they have pled. Consequently, permissive intervention should be denied as well.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request the motion to intervene be denied.

Dated: December 31, 2012 Respectfully submitted,

|  | */s/ Chris Fedeli* <br> Paul J. Orfanedes <br> Chris Fedeli <br> Admitted *Pro Hac Vice* <br><br> JUDICIAL WATCH, INC. <br> 425 Third Street S.W., Ste. 800 <br> Washington, DC 20024 <br> Tel: (202) 646-5172 <br> Fax: (202) 646-5199 <br> Email: porfanedes@judicialwatch.org <br>       cfedeli@judicialwatch.org <br><br> David R. Langdon <br> Joshua B. Bolinger <br><br> LANGDON LAW LLC <br> 8913 Cincinnati-Dayton Rd. <br> West Chester, Ohio 45069 <br> Tel: (513) 577-7380 <br> Fax: (513) 577-7383 <br> Email: dlangdon@langdonlaw.com <br>       jbolinger@langdonlaw.com <br><br> *Attorneys for Plaintiffs* <br><br> *Of Counsel:* <br><br> J. Christian Adams <br><br> ELECTION LAW CENTER, PLLC <br> 300 N. Washington Street, Ste. 405 <br> Alexandria, VA 22314 |
|---|---|

- 8 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31th day of December, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system, who may access it through that system.  I also served a copy of the foregoing document on Proposed Interveners via Federal Express, overnight delivery.

                                                  */s/ Chris Fedeli*
                                                  Chris Fedeli