UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   1:12-cv-800-WTL-TAB |
| | ) |
| J. BRADLEY KING, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE JOINING PLAINTIFFS' OPPOSITION TO INTERVENTION BY ORLY TAITZ

Defendants, J. Bradley King and Trent Deckard, Co-Directors of the Indiana Election Division, in their official capacities; and Connie Lawson, Indiana Secretary of State, in her official capacity; respectfully submit this response joining Plaintiffs' opposition to the Motion to Intervene (Dkt. 1) filed by Orly Taitz, incorporate Plaintiffs' response into this response and additionally state as follows:

As noted by Plaintiffs, the Motion to Intervene filed by Orly Taitz is defective on its face, and should be denied for this reason alone. First, Taitz filed her motion under Federal Rule of Civil Procedure 24(b)(2). Taitz has made no showing that she is a government officer or agency. This is not Taitz's first attempt to seek relief reserved for government officers or agencies, moving in separate litigation under a mechanism reserved only for the Attorney General of the United States or the United States Attorney for the District of Columbia. *Taitz v. Obama*, 707 F. Supp. 2d 1, 4 (D.D.C. 2010). Second, Taitz failed to comply with Federal Rule of Civil Procedure 24(c), which mandates that a motion to intervene must be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Taitz filed no accompanying pleading with her motion; thus, her motion should be denied.

1

**Proposed intervenors may not intervene as of right**

Plaintiffs also correctly argue that Taitz may not intervene under Rule 24.  Intervention of right must be granted to anyone who, on timely application, "is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1).  Lacking a federal statute granting an unconditional right to intervene, in order to grant a motion to intervene as of right, the Court must find that the intervenor "(1) ma[de a] timely application, (2) ha[s] an interest relating to the subject matter of the action, (3) [is] at risk that that interest will be impaired, 'as a practical matter,' by the action's disposition and (4) lack[s] adequate representation of the interest by the existing parties." *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994) (citing *Southmark Corp. v. Cagan,* 950 F.2d 416, 418 (7th Cir.1991)).  "The applicant has the burden of proving each of the four elements of intervention as of right; the lack of one element requires that the motion to intervene be denied."  *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985).

Taitz has cited to no federal statute that grants her an unconditional right to intervene in this action, and thus, intervention is not warranted under Rule 24(a)(1).  Further, as noted by Plaintiffs, Taitz's motion is untimely.  (Dkt. 41 at 4).  It should also be noted that Taitz was well aware of this case in at least September 2012 when she filed her Second Amended Complaint in Indiana State court, which cut and pasted sections from the Complaint filed by Plaintiffs in the instant case.  (Dkt. 41-2 at 26-31).  Taitz's Second Amended Complaint, including any allegations related to the National Voter Registration Act and the Help America Vote Act were dismissed on October 30, 2012 by Judge S.K. Reid of Marion County Superior Court.  Taitz has not demonstrated that she has any "interest" relating to the property or subject of the action.  She only vaguely alludes to Help America Vote Act ("HAVA") complaints alleged filed with the

Secretary of State, and fails to demonstrate any "direct, significant, legally protectable" interest in the action.

### Permissive intervention is inappropriate

Permissive intervention is controlled by Fed. R. Civ. P. 24(b). The Rule provides:

> **(b) Permissive Intervention.**
> **(1) *In General.*** On timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24. Permissive intervention is within the discretion of the trial court. *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). As with a motion to intervene as a matter of right, courts must determine whether a motion to intervene pursuant to Fed. R. Civ. P. 24(b) is timely. *Heartwood Inc., v. U. S. Forest Service, Inc.*, 316 F.3d 694 (7th Cir. 2003).

Plaintiffs correctly argue that Taitz has failed to demonstrate why she is entitled to permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(A) and (B). She has cited to no statute granting a condition right to intervene under 24(b)(1)(A). Taitz has not demonstrated that she has a claim that shares with the main action a common question of law or fact that would warrant permissive intervention under Rule 24(b)(1)(B). Further, the Court, in exercising discretion with respect to intervention, must consider whether the intervention would unduly delay or prejudice the adjudication of the original parties' rights. Fed.R.Civ.P. 24(b)(3). Intervention certainly would prejudice Defendants. Taitz's untimely motion does not appear to share any common claim, but is, instead, an attempt to re-litigate claims that were dismissed in state court, and is another of Taitz's "quixotic attempt to prove that President Obama is not a natural born citizen as required by the Constitution." *Taitz v. Obama,* 707 F. Supp. 2d 1 (D.D.C.

2010). It would be unduly burdensome to be required to relitigate claims that have already been dismissed in state court, claims that appear to have little, if any, relation to the claims before this Court.

## HAVA does not provide a private right of action

Finally, it should be noted that, rather than demonstrating a common interest in the instant action, Taitz's only claim appears to be brought under HAVA. (Dkt. 39 at 1-2). Taitz makes no mention of any claims brought under the NVRA. While the NVRA grants a private right of action under 42 U.S.C. § 1973gg-9(b)(2), there is no corresponding private right of action under HAVA. *See, e.g., Brunner v. Ohio Republican Party*, 555 U.S. 5, 6, 129 S. Ct. 5, 6, 172 L. Ed. 2d 4 (2008). Thus, as Taitz does not have a common interest in the instant case, and she has no right to bring an action at all as a private party, much less a right to intervene, the Motion to Intervene should be denied.

## Proposed intervenors

Finally, it should be noted that it is unclear on whose behalf Orly Taitz seeks intervention. While the motion itself discusses HAVA complaints she allegedly filed, it appears that she is also representing members of an alleged foundation, "Defend Our Freedoms." Dkt. 39 at 1-2. The number of members (if any), is not described by Taitz, nor is the nature of membership. Further, it is unclear whether Taitz, in representing an organization, has been admitted to practice law in the Seventh Circuit pursuant to Southern District of Indiana Local Rule 83.5.

For the foregoing reasons, Defendants respectfully request that the motion to intervene be denied.

                                      Respectfully submitted,

                                      GREGORY F. ZOELLER
                                      Indiana Attorney General
                                      Attorney No. 1958-98

                                      By:    */s/ Jefferson S. Garn*
                                      Jefferson S. Garn
                                      Deputy Attorney General
                                      Attorney No. 29921-49

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the counsel of record below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of the foregoing documents was served on proposed intervenors by United States mail and electronic mail on the same date.

| | |
|---|---|
| **Paul J. Orfanedes**<br>JUDICIAL WATCH, INC.<br>porfanedes@judicialwatch.org | **Chris Fedeli**<br>JUDICIAL WATCH, INC.<br>cfedeli@judicialwatch.org |
| **David R. Langdon**<br>LANGDON LAW LLC<br>dlangdon@langdonlaw.com | **Joshua B. Bolinger**<br>LANGDON LAW LLC<br>jbolinger@langdonlaw.com |

 */s/Jefferson S. Garn*
Jefferson S. Garn
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204
Telephone:  (317)232-6292
Fax:  (317)232-7979
E-mail:  Jefferson.Garn@atg.in.gov