UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-800-WTL-TAB |
| | ) |
| J. BRADLEY KING, et al., | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON MOTION TO INTERVENE

This cause comes before the Court on Proposed Intervenor Orly Taitz's motion to intervene. Dkt. No. 39. The Plaintiffs and the Defendants have responded in opposition to the motion; Taitz has not replied and the time for doing so has now passed. The Court rules as follows.

Taitz's motion is subject to attack on many fronts; between the Plaintiffs and the Defendants, she is surrounded. The Court addresses only the most salient issues below.

Intervention is governed by Federal Rule of Civil Procedure 24, which contemplates both intervention as of right and permissive intervention. Taitz invokes permissive intervention.[1] When intervention is permissive, the court exercises its discretion in determining whether to permit it, and in doing so it must consider whether intervention will unduly delay or prejudice adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Intervention may be permitted if a federal statute confers a conditional right to intervene. Fed. R. Civ. P. 24(b)(1)(A). Taitz points to no federal statute conferring such a right.

---

[1] Taitz repeatedly cites to Rule 24(b)(2), which governs intervention by a government officer or agency. However, given the language used, the Court reads her motion as invoking (b)(1), regarding permissive intervention in general.

Alternatively, one may intervene where her "claim or defense . . . shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Taitz argues that she shares a common question of law and fact with the instant action insofar as she "believes that the Secretary of State of Indiana and the Elections Commission of Indiana are aiding and abetting elections fraud by ignoring complaints of elections fraud." Mot. to Intervene ¶ 6, No. 39. Taitz alleges that she has served two Help America Vote Act ("HAVA") claims on the Indiana Secretary of State, but has received no response.

With respect to the claims at issue here, the Plaintiffs seek declaratory and injunctive relief pursuant to the National Voter Registration Act of 1993 ("NVRA"). They allege that the Defendants have failed to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" voter deaths and residence changes as required by 42 U.S.C. § 1073gg-6(a)(4). They also allege that the Defendants have failed to "make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" as required by 42 U.S.C. § 1937gg-6(i). Taitz's claims and the Plaintiffs' claims therefore have a superficial similarity – federal election law – but Taitz has not articulated any specific common question of law or fact.[2]

Furthermore, such minimal overlap does not outweigh the threat posed to the case in terms of undue delay and prejudice. As the Plaintiffs point out,

---

[2] Taitz has also failed to comply with the pleading requirements for intervention – that is, the motion must be accompanied by a pleading that sets out the claim or defense for which intervention is sought – although such a defect is not always dispositive. *See, e.g.*, *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993) ("[I]f no prejudice would result, a district court has the discretion to accept a procedurally defective motion."). In this case, however, her failure to do so amplifies the problems with her motion, as there is no attached pleading that might give shape to otherwise amorphous claims.

> [a]t this point, the parties have already exchanged settlement demands and responses, initiated discovery requests, and negotiated and filed a Joint Case Management Plan. The parties' Joint Case Management Plan was approved and adopted by the Court on or about November 13, 2012. Plaintiffs have invested substantial time in these efforts to date, and the Joint Case Management Plan did not contemplate that additional parties would be joining in the lawsuit. If the motion is granted, it is likely that the deadlines agreed by the parties and established by the Court (including the trial date) will become impossible to achieve. Plaintiffs would be unduly prejudiced as a result, as it is unlikely that they would have a realistic opportunity of obtaining the relief they seek in this action prior to the November 2014 elections, exacerbating the injuries they have previously described to the Court.

Pls.' Opp'n to Mot. to Intervene at 4-5, No. 41. In sum, Taitz has not articulated any specific common question of law or fact, much less one compelling enough to overcome the looming threats of delay and undue prejudice. Accordingly, Taitz's motion is **DENIED**.[3]

SO ORDERED: 03/20/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copies by United States mail to**   **Dr. Orly Taitz, Esq.**
**29839 Santa Margarita Ste 100**
**Rancho Santa Margarita, CA 92688**

Copies to all counsel of record via electronic communication.

---

[3] At times, Taitz identifies herself as Plaintiff-Intervenor, although she also identifies herself as "President of not for profit 'Defend Our Freedoms' foundation." Whether on behalf of herself or her organization, Taitz's motion fails.

3