IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., and TRUE THE VOTE, ) ) ) | |
| *Plaintiffs*, ) | Case No. 1:12-cv-800-WTL-TAB |
| v. ) ) | |
| J. BRADLEY KING, *et al.* ) ) | |
| *Defendants.* ) ) | |

**OPPOSITION TO MOTION TO MODIFY CASE MANAGEMENT PLAN**

Plaintiffs Judicial Watch and True the Vote, through undersigned counsel, hereby oppose Defendants' Motion to Modify Case Management Plan ("Motion") filed yesterday, and respectfully request the Court deny it. Defendants' Motion asks this court to delay three dates in the Court's case management plan by approximately 40 days each, including the current October 11, 2013 deadline for dispositive motions. Defendants' proffered causes do not constitute good cause for extension and would prejudice Plaintiffs, and should therefore be denied. In support of this Opposition, the following is respectfully shown:

**The Parties Do Not Need Additional Time for Discovery**

1. Defendants incorrectly state that one cause for granting the Motion is "to accommodate the parties expected intentions to complete discovery regarding the respective experts." Motion at ¶ 6. Plaintiffs have no intention of conducting additional discovery prior to filing a dispositive motion on October 11, 2013. Plaintiffs have no need for any additional discovery in order to submit a complete and disciplined dispositive motion.

2. Furthermore, the parties' case management plan, which the Court approved on November 13, 2012, allows both parties to conduct discovery through December 11, 2013. To

1

the extent either party wishes to conduct further expert discovery, the current case management plan already allows for such discovery for a full three additional months.  Defendants were served with Plaintiffs' expert witness report two and a half months ago, on June 26, 2013.  Defendants have not yet made any effort to conduct discovery regarding Plaintiffs' expert report.

   3. Not only have Defendants been dilatory in regards to conducting discovery, they still enjoy almost three months to do so.  Grant of this Motion will therefore not serve the interests of "judicial efficiency" as Defendants claim, Motion at ¶ 6, but will only reward Defendants' lack of vigilance and subject Plaintiffs' to unjustified delay.

### Defendants Have Not Been Negotiating Towards Settlement

   4. Defendants are wrong to claim the 40 day extension will provide the parties with "additional time to try to resolve this case short of continued litigation."  Motion at ¶ 8.  Defendants have had ample time and opportunity to resolve this case but have shown no sincere willingness to do so.  Plaintiffs provided Defendants multiple written settlement offers while Defendants have provided none.

   5. Not only did Plaintiffs provide a model settlement pursuant to Local Rule 16-1(b)(2), which Defendants rejected, Plaintiffs also provided a new offer of settlement by letter dated July 2, 2013.  Defendants never responded to that July 2 offer.

   6. On July 16, 2013, defense counsel Jefferson Garn emailed undersigned counsel with news that he expected to provide Plaintiffs with a formal response to their settlement offer "within the next day or two."  No response was provided.  On July 23, 2013, Mr. Garn again emailed undersigned counsel with word that he expected to respond to the settlement proposal no later than August 1, 2013, stating a "response to a proposal within thirty days is not atypical, but we don't expect to take that long."  Still no response was provided.

7.      On September 4, 2013, Plaintiffs provided a new proposed consent decree to Defendants which modified the July 2 settlement offer.  Defendants have still have not responded.  Plaintiffs are skeptical that any further delays of the Court's litigation schedule will help facilitate settlement.  Defendants' request for modification of deadlines imposed by this Court (and diligently followed by Plaintiffs) for the purported reason of aiding settlement belies the actual history of one-sided settlement discussions in this case.

### Neglect of Deadlines Does Not Justify Delay

8.      Defendants are also incorrect that prior routine extension agreements between the parties provides cause for a 40 day extension now.  Motion at ¶¶ 4-5.  When undersigned counsel spoke with Mr. Garn on August 26, 2013 concerning the expert extension (ECF No. 56 at ¶ 2), counsel informed Mr. Garn that Plaintiffs would be unlikely to agree to any similar extension of the summary judgment deadline.  Undersigned counsel reiterated that message to Mr. Garn by email the following week on September 4, 2013, reminding Mr. Garn that "summary judgment motions are due on October 11, and we do not anticipate agreeing to any significant extension of that deadline."  Despite these communications, Mr. Garn telephoned undersigned counsel yesterday asking for consent to an extension he had already been told he would not get.

9.      Defendants' 40 day extension request is neither routine nor reasonable.  Rather, when viewed in light of Defendants' recent request to extend its expert witness deadline, the Motion appears to reflect a pattern of neglect of this Court's deadlines by Defendants in this case.  Neglect of deadlines is not a sufficient cause for extension.  Moreover, neglect of deadlines by one party should weigh against that party's extension requests as a matter of equity.  Plaintiffs cannot agree to unjustified delays which have the effect of allowing Defendants to postpone judgment by this Court, and Plaintiffs urge the Court to reject it.

**Grant of the Motion Would Delay Trial**

10. Defendants' requested 40 day extension is excessive and will likely delay an eventual trial, despite Defendants' claim to the contrary.  Motion at ¶ 12.  Accordingly, the delay will unduly prejudice Plaintiffs, as it will virtually ensure that the injuries they have suffered due to Defendants' actions will go unaddressed for longer than appropriate or necessary.  The instant litigation will directly impact the 2014 federal midterm elections.  A resolution of this case far in advance of the November 2014 federal elections is therefore necessary to ensure that the voter rolls are being administered in conformity with federal law *well before* those elections take place.  In elections cases, courts have been keen to resolve litigation in a timely fashion to ensure the next upcoming election is properly administered.

11. The parties' dispositive motions are currently due on October 11, 2013.  Pursuant to Local Rule 56-1(b) and (c), oppositions would be due on November 8, 2013, and replies would be due on November 22, 2013.  Assuming no party requests an extension of either of those briefing deadlines, the parties would then have until December 11, 2013 to complete trial discovery.  Following that deadline, the parties would be left with a short spring to complete all evidentiary motions in time for the Court's April 17, 2014 pre-trial conference, *and* to complete all trial preparations necessary for the current trial date of May 19, 2014.  Plaintiffs' counsel estimate that there is virtually no chance that the parties could possibly meet these early 2014 trial deadlines if the dispositive motion deadline were extended by 40 days.

12. The delay will therefore unduly extend Plaintiffs' injury from Defendants' conduct.  As this Court acknowledged, unjustified delays in this case deprive Plaintiffs of any "realistic opportunity of obtaining the relief they seek in this action prior to the November 2014 elections, exacerbating the injuries [Plaintiffs] have previously described to the Court."  Entry on Motion

to Intervene, p. 3, March 20, 2013 (ECF No. 50), *quoting* Pls.' Opp. to Intervention (ECF No. 41).  Grant of Defendants' Motion will similarly prejudice Plaintiffs.

## Conclusion

For all these reasons, Plaintiffs respectfully request that the Motion be DENIED.

Dated: September 12, 2013                                   Respectfully submitted,

| | |
|---|---|
| David R. Langdon<br>Joshua B. Bolinger<br><br>LANGDON LAW LLC<br>8913 Cincinnati-Dayton Rd.<br>West Chester, Ohio 45069<br>Tel: (513) 577-7380<br>Fax: (513) 577-7383<br>Email: dlangdon@langdonlaw.com<br>         jbolinger@langdonlaw.com<br><br>J. Christian Adams<br>*Of Counsel*<br><br>ELECTION LAW CENTER, PLLC<br>300 N. Washington Street, Ste. 405<br>Alexandria, VA 22314 | */s/ Chris Fedeli*<br>Paul J. Orfanedes<br>Chris Fedeli<br>Admitted *Pro Hac Vice*<br><br>JUDICIAL WATCH, INC.<br>425 Third Street S.W., Ste. 800<br>Washington, DC 20024<br>Tel: (202) 646-5172<br>Fax: (202) 646-5199<br>Email: porfanedes@judicialwatch.org<br>         cfedeli@judicialwatch.org |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Chris Fedeli*   _
Chris Fedeli
