IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., and TRUE THE VOTE, | ) ) ) |
| *Plaintiffs*, | ) Case No. 1:12-cv-800-WTL-TAB |
| v. | ) ) |
| J. BRADLEY KING, *et al.* | ) ) |
| *Defendants*. | ) ) |

**BRIEF IN SUPPORT OF PLAINTIFFS' FIRST MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Plaintiffs Judicial Watch, Inc. and True the Vote, by counsel and pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-1 of the U.S. District Court for the Southern District of Indiana, hereby file this First Motion to Compel Production of Documents and Brief in Support.

Plaintiffs have requested copies of all emails between the Indiana Election Division and county election officials concerning voter list maintenance. These communications are central to Plaintiffs' claim that Defendants have failed to exercise active leadership and effective oversight over local officials concerning the execution of voter list maintenance tasks. To date, Defendants have failed to produce all discoverable documents responsive to this request. After repeated attempts to resolve this dispute were unsuccessful, Plaintiffs now ask the Court to order the Defendants to comply with their discovery obligations.

**Statement of Facts**

1. On July 15, 2013, undersigned Plaintiffs' counsel Chris Fedeli sent a letter to Defendants' counsel Jefferson Garn identifying email communication documents that Plaintiffs

1

had formally requested which Defendants had failed to produce. *See* Exh. A. Specifically, Defendants had failed to produce emails between the Indiana Election Division and county officials concerning voter list maintenance. In the July 15, 2013 letter, Plaintiffs explained that Defendants' objections to producing such documents were insufficient, and requested that all such documents be produced. *See* Exh. A.

2. On July 23, 2013, Jefferson Garn emailed Chris Fedeli to inform him that Defendants would be producing email communications that Plaintiffs had requested. *See* Exh. B. However, Defendants failed to substantially produce any of the requested emails.

3. On October 3, 2013, Chris Fedeli informed Jefferson Garn that the failure to produce the requested emails was unacceptable and that Plaintiffs would file a motion to compel against Defendants if the failure was not corrected in 6 days' time. *See* Exh C. In that email, Chris Fedeli also provided Jefferson Garn with additional information Mr. Garn had requested about the emails Plaintiffs sought, providing a date range of 2006 through the present, and including a list of 9 officials or employees of the Indiana Election Division ("IED") whose emails should be produced. *See* Exh. C.

4. On October 9, 2013, Defendants made their first of several promised productions of emails responsive to Plaintiffs' request. *See* Exh. D. Specifically, Defendants produced certain emails from 2 IED employees – 51 emails from Dale Simmons ranging from 2006 through 2013, and 94 emails from Leslie Barnes from 2007 through 2013.

5. Following this single production, Defendants failed to follow up with subsequent productions. On December 4, 2013, following an inquiry concerning the delays in production, Jefferson Garn emailed Chris Fedeli stating: "Even with the holidays, however, I'd expect to get you the rest of the documents by January 8th." *See* Exh. E.

6. On December 18, 2013, counsel for Defendants repeated the assurance that the production would be completed in a timely fashion, stating they "expect to have our review completed and final production to you by January 8th." *See* Exh. F. On December 30, 2013, counsel for Defendants again stated that the responsive documents would be produced, writing they "still anticipate producing everything to you by January 8th since the holidays will be behind us and we'll be getting our clerks back soon." *See* Exh. G.

7. On January 9, 2014, Jefferson Garn emailed Chris Fedeli to advise that only a small number of documents had been found for production, that those documents were "memos" rather than emails, and that they had been mailed to Mr. Fedeli on disk. *See* Exh. H. Following an inquiry, in January 13, 2014, Jefferson Garn responded to Chris Fedeli about the apparent insufficiency of Defendants' production, stating he was "checking with the Indiana Office of Technology (a separate agency) to confirm that that is everything that they were able to retrieve given the search terms provided, because, frankly, we expected many more responsive emails." *See* Exh. I. When undersigned counsel eventually received the disk, the production was found to be insufficient, containing 104 PDF files, 102 of which were nonresponsive.

8. On January 21, 2014, Chris Fedeli informed Jefferson Garn that Plaintiffs now had no choice other than to file this Motion unless the entire production of emails for all 9 IED custodians was completed in 6 days' time, by January 27, 2014. *See* Exh. J.

9. On January 24, 2014, Jefferson Garn emailed Chris Fedeli with various explanations for why the production had not been completed. *See* Exh. K. Chris Fedeli responded on the same day to inform Mr. Garn that the explanations were insufficient and that this Motion to Compel would be forthcoming. *See* Exh. K. On January 27, 2014, Jefferson Garn emailed Chris Fedeli a new partial production of responsive emails from Election Division Co-

Director Trent Deckard dating from 2012 and 2013. As of this filing however, the production has still not been completed.

## Argument

Plaintiffs have requested emails between the Indiana Election Division and county election officials concerning voter list maintenance from the years 2006 through the present. These communications are central to Plaintiffs' claim that Defendants have failed to exercise active leadership and effective oversight over local officials concerning the execution of voter list maintenance tasks. *See* Plfs. SJ Brief, ECF No. 69 at 17, 20-22; *See also U.S. v. Missouri*, 535 F.3d 844, 850, 851 (8th Cir. 2008). They are unquestionably discoverable. On information and belief, Defendant has withheld or failed to produce these emails.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, Plaintiffs are entitled to discovery of "any matter, not privileged, which is relevant to the subject matter" of the action. Fed. R. Civ. P. 26(b)(1). As defined by the United States Supreme Court, "relevance," for discovery purposes, encompasses "any matter that bears on, or that reasonably could . . . bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Relevance for discovery purposes is "considerably less stringent" than the general relevancy standards governing the admissibility of evidence at trial. *Nalco Chem. Co. v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 616 (E.D. Wis. 1993); *see also Schapp v. Executive Indus., Inc.*, 130 F.R.D. 384, 386 (N.D. Ill. 1990) (test for denying discovery is whether requested discovery is "patently irrelevant").

As the parties opposing discovery, Defendants bear the burden of demonstrating why the information requested by Plaintiffs is not discoverable. *Fisher v. National Railroad Passenger Corp.*, 152 F.R.D. 145, 156 (S.D. Ind. 1993); *Tele-Radio Sys. v. De Forest Elec.*, 92 F.R.D. 371,

375 (D. N.J. 1981).   Defendants cannot carry their burden here, as the documents requested by Plaintiffs are undoubtedly within the scope of discoverable material under Rule 26.

## Local Rule 37-1(b) Certification

Plaintiffs' undersigned counsel, Chris Fedeli, has made efforts to resolve this dispute with Defendants, including through the emails with opposing counsel attached hereto at Exhibits A through K, and in telephone conferences with Jefferson Garn, including calls on October 2, 2013, December 3, 2013, and January 27, 2013, described in Exhibits C, E, and K.  On the January 27, 2014 call, Chris Fedeli informed Defendants' counsel Jefferson Garn that this filing would be made today.  Prior to filing, undersigned counsel called the chambers of Magistrate Judge Tim A. Baker today, January 28, 2014, informing chambers of this filing.

## Award of Fees and Costs

Plaintiffs request that they be awarded their attorneys' fees and costs related to the preparation, filing, and argument of this Motion.

**Conclusion**

WHEREFORE, Plaintiffs respectfully request the Court grant this request and order Defendants to produce all responsive documents.

Dated: January 28, 2014                                    Respectfully submitted,

| | |
|---|---|
| J. Christian Adams<br>Admitted *Pro Hac Vice*<br><br>ELECTION LAW CENTER, PLLC<br>300 N. Washington Street, Ste. 405<br>Alexandria, VA 22314<br>Tel: (703) 963-8611<br>Email: adams@electionlawcenter.com<br><br><br>David R. Langdon<br>Joshua B. Bolinger<br><br>LANGDON LAW LLC<br>8913 Cincinnati-Dayton Rd.<br>West Chester, Ohio 45069<br>Tel: (513) 577-7380<br>Email: dlangdon@langdonlaw.com<br>         jbolinger@langdonlaw.com | /s/  Chris Fedeli<br>Paul J. Orfanedes<br>Chris Fedeli<br>Admitted *Pro Hac Vice*<br><br>JUDICIAL WATCH, INC.<br>425 Third Street S.W., Ste. 800<br>Washington, DC 20024<br>Tel: (202) 646-5172<br>Email: porfanedes@judicialwatch.org<br>         cfedeli@judicialwatch.org |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

           */s/ Chris Fedeli*
           Chris Fedeli