# Christopher Fedeli

| | |
|---|---|
| **From:** | Christopher Fedeli |
| **Sent:** | Friday, January 24, 2014 4:08 PM |
| **To:** | 'Garn, Jefferson' |
| **Subject:** | RE: Indiana Election Division email production |

Jeff,

Thank for your email, I appreciate both the response and your measured tone. I will be happy to discuss this further with you on Monday and will plan to call you. However, in the interim, I must inform your email has not dissuaded me from filing a motion to compel production should I not receive the emails in question on Monday.

I am not persuaded by your various points about the burdensomeness of the production, the practices of the Indiana Office of Technology, and the percentage of responsive documents you found. While each of those problems are explanations of a kind, none of them amounts to a sufficient justification for your failure to produce responsive documents as required by the federal rules. It is your responsibility to ensure that your clients understand the obligations to produce documents in federal litigation, and that they devote sufficient resources to compliance. I do not believe the Court will be persuaded that Plaintiffs' very narrowly crafted document request – for emails from 9 specific individuals at the IED to county election officials concerning voter list maintenance – was too burdensome for Indiana to have complied with in six months' time.

Your position is made even less persuasive in light of our past interactions concerning this production. After receiving my email of October 3, 2013 threatening a motion to compel on this very issue, you responded by emailing me 145 responsive emails from IED custodians Leslie Barnes and Dale Simmons six days later, on October 9, 2013. Apparently, you and your clients are capable of promptly complying with document production demands when you wish to do so.

On logistics, I still have not received the disk you mentioned. I continue to regularly receive my mail from all other cases and correspondents. Given these mail problems, in the future I ask you to please refrain from using the postal service for document productions and send me .pdfs by email instead, as you have reliably done in the past, or use a courier such as federal express if you must send disks.

As far as Plaintiffs' NVRA records request, which we originally sent by letter to your clients in February of 2012, it is our view that that request is continuing and outstanding. Plaintiffs believe Indiana is still required to produce documents in response to Plaintiffs' NVRA records request, as well as in response to our discovery requests under the Federal Rules of Civil Procedure. Concerning my decision to inform the court of your letter to me dated October 8, 2013 in support of this point, I think the words in your letter speak for themselves.

Finally and most importantly, I am glad to hear that you agree that this discovery dispute should not impact our mutual interest in overall settlement of the litigation.

Regards,
Chris

---

**From:** Garn, Jefferson [mailto:Jefferson.Garn@atg.in.gov]
**Sent:** Friday, January 24, 2014 2:39 PM
**To:** Christopher Fedeli
**Subject:** RE: Indiana Election Division email production

Chris,

Thank you for your message.  Please let me know if you have still not received the disk. We sent it again but, given the delay you told me about getting our second discovery request, the issue may be on your side.

I am surprised by the tone and timing of your email.  I think it demonstrates a misunderstanding of our past communications.  I told you very early in the case that any electronic discovery would be a very burdensome endeavor on our side, but we would work with you to get the plaintiffs the responsive electronic documents. Given the volume of emails sent by the Indiana Election Division, it is not possible to produce all responsive documents, which is why we objected to the plaintiffs' overly burdensome and vague request for production.  We did not and could not have agreed to provide you with all responsive documents by January 8th. Rather, we agreed we would review and produce responsive documents from the nearly 6000 documents that had been retrieved. After completing the document review, rather than wait until you reviewed the documents, I alerted you right away that there may be an issue with the search performed by the Office of Technology  and the search was not an extensive as we had requested. I have been told that IOT understands that they had performed a search and retrieved all documents with a search term hit. But IOT is re-running the search and I expect to know shortly whether the results are the same.

Also, given the paucity of responsive documents retrieved thus far by way of your proposed search terms, I am concerned that, even if we are able to overcome any technological problem with the search, if there is one, the search terms are not reasonable in that the search is pulling in an untenable number of non-responsive documents.  It appears that just above 1% of the documents were responsive.

My concerns are exacerbated by the plaintiffs' position in the response to our motion for summary judgment, where the plaintiffs gave the impression that this process is not discovery at all, but rather a records request under the NVRA.  That is not correct. While we have provided un-redacted documents as you would have received them if this were an NVRA records request, the plaintiffs asked for these documents as part of the discovery process. I am troubled by the plaintiffs' representation of our position, especially in light of our conversation about this subject after the plaintiffs had filed this response where you said in response to my concerns, "This is litigation."  I'm unclear how this being "litigation" changes anything regarding the understanding of the parties, and how any understanding should be relayed to the court.

I received your voicemail and also am optimistic that this will have no bearing on our ongoing settlement discussions.

I would appreciate it if we could discuss this further on Monday.  I have a meeting from approximately 12-2, but should be free most of the day.  By then, I would expect to have more information regarding the results of the second search.

Best regards,

Jeff


**Jefferson Garn**
Deputy Attorney General
Civil Litigation
302 West Washington St.
IGCS 5th Floor
Indianapolis, IN 46204
317-232-6292 phone
317-232-7979 fax

---

**From:** Christopher Fedeli [mailto:CFedeli@JUDICIALWATCH.ORG]
**Sent:** Tuesday, January 21, 2014 11:12 AM
**To:** Garn, Jefferson
**Subject:** Indiana Election Division email production