UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:12-cv-800-WTL-TAB |
| ) | |
| J. BRADLEY KING, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER TO SHOW CAUSE

The parties in this case have filed cross motions for summary judgment, which are fully briefed. In reviewing the motions, the Court has come to believe that the Defendants are entitled to summary judgment, but on a ground that is not squarely raised by the Defendants. Accordingly, pursuant to Federal Rule of Civil Procedure 56(f), the Court hereby gives the Plaintiffs notice of its intent to enter summary judgment against them as explained below absent a showing by the Plaintiffs that such a ruling would not be in accordance with the applicable law.

This is a suit against state officials in their official capacities. As such, it is subject to the constraints of the Eleventh Amendment, which generally prohibits suits by private individuals against states. It appears to the Court that when filed this suit fell under the exception to the Eleventh Amendment that was established by *Ex parte Young*, 209 U.S. 123 (1908), pursuant to which "private citizens [may] sue state officials in their official capacities to require them to comply with federal law on an ongoing basis" *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1049 (citing *Ex Parte Young*). "'In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly

characterized as prospective.'" *Id.* at 1051 (quoting *Verizon Md. Inc. v. Public Svc. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Here the complaint did make such an allegation, and the Plaintiffs did seek prospective relief, so the case was properly filed. With regard to Count I, the Plaintiffs alleged that the measures Indiana was taking with regard to maintaining its registered voter lists failed to satisfy the requirement of the National Voter Registration Act of 1993 ("NVRA") that each state "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant." 42 U.S.C. § 1973gg-6(a)(4). The complaint was filed in June 2012, however, and since that time Indiana has enacted new legislation that substantially alters Indiana's voter registration list maintenance program.

The fatal flaw the Court sees in the Plaintiffs' motion for summary judgment is that it fails to address the impact of the new legislation, which took effect in July 2013. The Plaintiffs' motion is based primarily on their expert's opinion that Indiana's efforts prior to the new law were not reasonable. But even assuming the expert is correct (and qualified to make that determination), the expert says nothing about Indiana's efforts *now*, going forward, in light of the substantial new statutory requirements. Indeed, a cursory review of the new legislation suggests that it eliminates many of the shortfalls identified by the Plaintiffs' expert. The Plaintiffs at least implicitly acknowledge this in their reply brief, asserting:

> Finally, the Indiana General Assembly's passage of House Enrolled Act (HEA) 1391 and Senate Enrolled Act (SEA) 591, signed by Governor Pence in May of 2013, does not justify or excuse the failure to comply with NVRA Section 8 or demonstrate that no violation occurred. If anything, it demonstrates that Indiana's political leadership agrees with Plaintiffs that Indiana has been failing in its duty to undertake reasonable voter list maintenance efforts. The May 2013 legislation is essentially a direction from Indiana's political leadership to its election officials to start improving the state's voter rolls, spelling out in detail the specific,

> necessary list maintenance steps that Defendants have failed to undertake in the past.

Plaintiffs' Reply at 11, Dkt. No. 77 (citation omitted).

It appears to the Court that the Plaintiffs have presented no evidence of an "ongoing violation of federal law"; rather, all of their evidence and arguments at most demonstrate a *past* violation of federal law, which this Court is powerless to remedy. Again, the Plaintiffs seem to implicitly acknowledge that fact, and attempt to address the issue as follows:

> Furthermore, HEA 1391 and SEA 519 do not guarantee that Indiana will avoid future NVRA Section 8 violations, because Indiana has a history of not enforcing its own state laws concerning voter list maintenance. A federal injunction ordering Defendants to fully execute the list maintenance provisions of HEA 1391 and SEA 519 and report back to the Court on their progress in cleaning up the voter rolls would likely serve to remedy Indiana's systemic failure to undertake reasonable list maintenance.

*Id.* (citation omitted). The Plaintiffs point to no authority for the proposition that this Court may grant injunctive relief based upon the possibility that a state might violate its own law in the future and in doing so might violate federal law. The Court is not aware of any such authority; indeed, the law with regard to the doctrine of mootness would suggest otherwise. *See, e.g., Federation of Advertising Indus. Reps., Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003) ("When the defendants are public officials … we place greater stock in their acts of self-correction, so long as they appear genuine.") (citation omitted); *see also Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988) ("We note additionally that cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties.") (citation omitted).

Count II suffers from a similar problem. The Plaintiffs alleged in their complaint that the Defendants had "failed to produce or otherwise make records available to Plaintiffs . . . concerning the State of Indiana's implementation of programs and activities for ensuring the

3

accuracy and currency of official lists of eligible voters." Complaint at ¶ 46. However, the only documents that remained at issue by the time the motions for summary judgment were briefed apparently were some emails, and the Plaintiffs have failed to explain what exactly those emails are and how the failure to produce them violates the NVRA. Rather, the Plaintiffs again seem to focus on the Defendants' past failures, rather than any ongoing violations that the Court properly could enjoin.

It seems that the Plaintiffs are, at this point, asking this Court to redress alleged past failures by Indiana, all but ignoring the fact that the relevant statutory landscape has changed considerably and the fact that Indiana has made records available during the course of this lawsuit. In the absence of evidence of an ongoing violation of federal law by the state, the Plaintiffs are no longer seeking relief that this Court can give them.

If the Plaintiffs disagree with the Court's assessment of the applicable law, or if they believe they have demonstrated an ongoing violation of federal law, they shall respond to this order to show cause, in writing, **within 21 days of the date of this Entry**. The Defendants need not respond to the Plaintiffs' filing absent an invitation to do so by the Court.

SO ORDERED: 05/13/2014

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification