IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDICIAL WATCH, INC., and TRUE THE VOTE, | ) ) ) |
| *Plaintiffs*, | ) Case No. 1:12-cv-800-WTL-TAB |
| v. | ) ) |
| J. BRADLEY KING, *et al.* | ) ) |
| *Defendants*. | ) ) |

**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

Plaintiffs hereby move the Court to grant the voluntary dismissal of this action with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. In support of this Motion, the following is respectfully shown:

1. Plaintiffs requested Defendants' consent to dismissal prior to filing this Motion. Specifically, on May 19, 2014, Plaintiffs asked Defendants to jointly file a stipulation of dismissal with prejudice, disposing of this action. Exh. 1.

2. Two days later, on May 21, 2014, Defendant Connie Lawson announced that Indiana would be conducting a statewide address confirmation mailing to all Indiana registered voters for the purpose of updating and improving the accuracy of Indiana's voter rolls across the state. Exh. 2.

3. On Wednesday, May 28, 2014, Defendants rejected Plaintiffs' offer to file a joint stipulation of dismissal with prejudice. Exh. 1.

4. As explained in greater detail in "Plaintiffs' Response to Show Cause Order," which is being filed today, Plaintiffs believe they are entitled to prevail in their ongoing case against Defendants and that summary judgment for Defendants is not appropriate. Nevertheless,

Plaintiffs were pleased to learn that Defendants' most significant act of NVRA Section 8 compliance in several years – the statewide address confirmation mailing to all voters – is now underway.  Exh. 2.  In light of this, Plaintiffs now firmly believe there are more productive uses of their time and Defendants' time than continuing to litigate the Count I claim over Indiana's Section 8 list maintenance efforts.

5.   In addition, and as also explained in greater detail in Plaintiffs' Response to Show Cause Order, Plaintiffs have now substantially prevailed on their Count II claim for records pursuant to NVRA Section 8(i) following the Court's recent orders forcing Defendants to produce documents.  *See* Court Orders Requiring Defendants to Produce Documents, ECF No. 82, ECF No. 84.  Accordingly, as Plaintiffs have obtained the documents they sought from Indiana under this provision, Plaintiffs need not press this claim.

6.   Grant of dismissal is proper under Rule 41(a)(2) and will not prejudice any party's interest.  In this case, dismissal will not prejudice Defendants' interests, and granting this motion is well within the trial court's discretion even at this advanced phase of the litigation. *B&J Mfg. Co. v. D.A. Frost Industries, Inc.*, 106 F.R.D. 351, 353 (N.D. Ohio 1985) ("Indeed, such dismissals have been granted on the eve of trial and even after trial has commenced."). Furthermore, a dismissal with prejudice, as Plaintiffs are requesting, cannot harm Defendants' interests regardless of when in the litigation it is granted.  *Perry v. Tarry*, 1997 U.S. Dist. Lexis 9120, *8 (7th Cir. 1997) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties."), *quoting Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) ("[N]o matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed.").

2

7. Finally, dismissal of this action will also serve the interests of judicial economy by avoiding the unnecessary expenditure of this Court's time.

For the foregoing reasons, Plaintiffs respectfully request the Court grant this Motion and dismiss this action with prejudice.

Dated: June 3, 2014                                             Respectfully submitted,

| | |
|---|---|
| J. Christian Adams<br>Admitted *Pro Hac Vice*<br><br>ELECTION LAW CENTER, PLLC<br>300 N. Washington Street, Ste. 405<br>Alexandria, VA 22314<br>Tel: (703) 963-8611<br>Email: adams@electionlawcenter.com<br><br><br>David R. Langdon<br>Joshua B. Bolinger<br><br>LANGDON LAW LLC<br>8913 Cincinnati-Dayton Rd.<br>West Chester, Ohio 45069<br>Tel: (513) 577-7380<br>Fax: (513) 577-7383<br>Email: dlangdon@langdonlaw.com<br>        jbolinger@langdonlaw.com | /s/ Chris Fedeli<br>Paul J. Orfanedes<br>Chris Fedeli<br>Admitted *Pro Hac Vice*<br><br>JUDICIAL WATCH, INC.<br>425 Third Street S.W., Ste. 800<br>Washington, DC 20024<br>Tel: (202) 646-5172<br>Fax: (202) 646-5199<br>Email: porfanedes@judicialwatch.org<br>        cfedeli@judicialwatch.org |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Chris Fedeli*
Chris Fedeli